[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13287
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00124-KD-B-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO LAMONTE JACKSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(February 6, 2017)

Before ED CARNES, Chief Judge, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Mario Jackson violated his supervised release and was sentenced to 36 months in prison followed by 2 years of supervised release, a sentence well below the advisory guideline range of 51 to 63 months in prison that applied to his conduct. He contends that his sentence was substantively unreasonable.

In 2008 Jackson pleaded guilty to using and carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Although Jackson's guidelines range was 262 to 327 months due, in part, to the addition of a career offender enhancement, the district court sentenced him to 60 months in prison and 5 years on supervised release. Two conditions of his supervised release provided that he was not to commit any crimes or illegally possess any controlled substances. Following his release from prison, Jackson was charged with possession of ecstasy, possession of marijuana, possession of synthetic marijuana, possession of drug paraphernalia, attempting to elude, and resisting arrest. Jackson waived his right to a revocation hearing, admitting that the government could prove a violation of his supervised release.

Jackson asked the court to impose a sentence of a year and a day in prison — well below his guidelines range of 51 to 63 months. He apologized to the district court and attempted, through counsel, to explain his behavior. According to Jackson, thinking about his daughter was the only thing that got him through prison. After he was released, he discovered that the daughter was not really his.

2

Jackson said that he turned to drugs to cope with the pain of that revelation and admitted that he needed treatment.  Jackson also argued that the court should impose a lower guidelines sentence because his two career offender predicate offenses were crimes that he committed when he was 16 and 17 years old.[1] Jackson argues that his sentence was substantively unreasonable because the district court did not give adequate weight to his explanation and overweighed his criminal history and the nature of his offense.  We disagree.

We review the substantive reasonableness of the district court's sentence for an abuse of discretion, Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007), and "[t]he party challenging the sentence bears the burden to show it was unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors," United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  "[W]e are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted); 18 U.S.C. § 3583(e) (requiring

---

[1] At his revocation hearing, Jackson argued that he was improperly classified as a career offender because the Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), voided the residual clause of the Sentencing Guidelines.  But Jackson has not asserted that claim before this Court and so has abandoned it.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

3

consideration of many of the § 3553(a) factors when deciding whether to modify or revoke supervised release).

"In general, the district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. . . .  It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account."  United States v. Sanchez, 586 F.3d 918, 967 (11th Cir. 2009) (quotation marks and citation omitted).  "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily . . . expect a sentence within the [g]uidelines range to be reasonable."  United States v. Hunt, 526 F.3d 739, 747 (11th Cir. 2008) (quotation marks omitted) (first alteration in original).

Here, the district court said in the sentence hearing that it had "considered the chapter 7 provisions" and "the factors" in determining Jackson's sentence. And it discussed a number of the factors on the record.  For instance, it discussed Jackson's criminal history, 18 U.S.C. § 3553(a)(1), telling him:  "Well, Mr. Jackson, when you came before me [at the initial sentence hearing] . . . . I felt like applying the Career Offender to you would be unjust, but at this point I have to say you are earning that status."  It also considered that the nature of Jackson's new criminal charges were similar to those of his underlying convictions.  See id.

(directing a sentencing court to consider "the nature and circumstances of the offense").  Moreover, it declined to follow the government's request for a 60-month jail term, because it felt that placing Jackson on supervised release for at least some period of time after his new prison sentence would be a better way to address his drug problem.  Id § 3553(a)(2) (directing a sentencing court to consider "the need for the sentence imposed . . . to provide the defendant with needed . . . correctional treatment in the most effective manner").  Even in light of Jackson's explanations for his conduct, it was not unreasonable for the district court to conclude that his criminal history and the nature of his new offenses in relation to the underlying federal offense militated in favor of a longer prison sentence than Jackson had hoped for.

For that reason and because we would "expect" a sentence below the guidelines range to be substantively reasonable, see Hunt, 526 F.3d at 747, we cannot say that the district court made a "clear error in judgment" by imposing a 36-month prison sentence, Irey, 612 F.3d at 1190.  It is not our job to reweigh all the factors considered by the district court.  Gall, 552 U.S. at 51, 128 S. Ct. at 597 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.") Having determined that the district court considered the relevant factors and assigned them a reasonable weight, our inquiry is at an end.

**AFFIRMED.**